UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                   Case No.  8:07-cv-1374-T-24 TBM

JOHN J. FITZGERALD, individually and
as trustee of THE J.R. UNLIMITED FAMILY
TRUST; RUTH M. FITZGERALD, individually
and as trustee of THE J.R. UNLIMITED FAMILY
TRUST; and WASHINGTON MUTUAL BANK,

    Defendants.
_____/

**O R D E R**

This cause comes before the Court on Defendant, Washington Mutual Bank's Motion to Dismiss Count II of Plaintiff's Complaint.  (Doc. No. 24.)  Plaintiff, the United States of America, has filed a response in opposition.  (Doc. No. 25.)

**I.**    **Background**

On November 29, 1990, the Defendants John J. Fitzgerald and Ruth M. Fitzgerald (jointly, "Defendants") acquired title to real property located at 1271 69th Street North, St. Petersburg, Florida (the "Property"), by virtue of a warranty deed.  The warranty deed was recorded on November 20, 1990.  On January 7, 1997, Defendants deeded the property to one another, as trustees of the J.R. Unlimited Family Trust.  On March 25, 2003, the J.R. Unlimited Family Trust, through Defendants as trustees, granted a mortgage (the "Mortgage") to the Property to Defendant Washington Mutual Bank ("Washington Mutual").  The Mortgage was recorded on April 4, 2003.

On January 12, 2004, a delegate of the Secretary of the Treasury made assessments of unpaid income taxes, penalties, and accrued interest against John J. Fitzgerald, and also against Ruth M. Fitzgerald. Despite notices of these assessments and demand for their payments, neither John J. Fitzgerald nor Ruth M. Fitzgerald have paid the assessments. As a result, pursuant to I.R.C. §§ 6321 and 6322, liens arose in favor of the United States upon all property and rights to property, whether real or personal, belonging to John J. Fitzgerald and Ruth M. Fitzgerald. Accordingly, the United States filed Notices of Federal Tax Liens with the Clerk of the Circuit Court in and for Pinellas County, on July 12, 2004, February 22, 2005, March 3, 2005, and August 17, 2005.

On August 6, 2007, Plaintiff, the United States of America (the "United States") commenced this lawsuit, seeking: (1) to reduce to judgment the assessments against John J. Fitzgerald and Ruth M. Fitzgerald; (2) to declare any interest in the Property held by the J.R. Unlimited Family Trust void and re-vest title of the Property in John J. Fitzgerald and Ruth M. Fitzgerald; and (3) to foreclose the United States' federal tax liens against John J. Fitzgerald and Ruth M. Fitzgerald by sale of the Property, free and clear of any right, claim or interest of Washington Mutual, and to distribute the proceeds of such sale to the United States. The instant motion to dismiss followed.

**II.     Standard of Review**

In deciding a motion to dismiss, the district court is required to view the complaint in the light most favorable to the plaintiff. See Murphy v. Federal Deposit Ins. Corp., 208 F.3d 959, 962 (11th Cir. 2000)(citing Kirby v. Siegelman, 195 F.3d 1285, 1289 (11th Cir. 1999)). The Federal Rules of Civil Procedure do not require a claimant to set out in detail the facts upon which he bases his claim. All that is required is "a short and plain statement of the claim

showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The standard on a 12(b)(6) motion is not whether the plaintiff will ultimately prevail in his or her theories, but whether the allegations are sufficient to allow the plaintiff to conduct discovery in an attempt to prove the allegations. See Jackam v. Hospital Corp. of Am. Mideast, Ltd., 800 F.2d 1577, 1579 (11th Cir. 1986).

**III.    Discussion**

Washington Mutual argues that Count II of the United States' complaint should be dismissed as to it because: (1) Washington Mutual's Mortgage is superior to the United States' Federal Tax Liens; and (2) the United States failed to allege facts to establish that the J.R. Unlimited Family Trust is invalid. The Court will address each argument.

Washington Mutual first argues that because its Mortgage was recorded before the United States' Federal Tax Liens, the United States' Federal Tax Liens are inferior to Washington Mutual's Mortgage. The United States responds that regardless of whether Washington Mutual's Mortgage takes priority over the Federal Tax Liens, Washington Mutual must be made a party to the United States' foreclosure action, pursuant to I.R.C. § 7403(b), which states that in an action to enforce a lien, "[a]ll persons having liens upon or claiming any interest in the property involved in such action shall be made parties thereto." After all parties have been notified of the action, the court shall "finally determine the merits of all claims to and liens upon the property . . .." I.R.C. § 7403(c). Accordingly, the Court finds that Washington Mutual, as a purported mortgagee of the Property, is a proper party in this action, and as such, Count II of the United States' complaint does not fail to state a claim upon which relief can be granted.

Washington Mutual next argues that the United States failed to allege sufficient facts to establish that the J.R. Unlimited Family Trust is invalid. Specifically, Washington Mutual

argues that the United States' theory that the J.R. Unlimited Family trust is void by operation of the Florida doctrine of merger is flawed, because merger applies "only when the legal and equitable interests are held by *one* person and are coextensive and commensurate -- i.e., the legal estate and the equitable estate are the same." Contella v. Contella, 559 So. 2d 1217, 1219 (Fla. 5th DCA 1990)(emphasis added). Washington Mutual asserts that because here there were at least two trustees and two beneficiaries (John J. Fitzgerald and Ruth M. Fitzgerald), the doctrine of merger is inapplicable.

The Court notes, however, that Washington Mutual fails to address the other allegations advanced by the United States in support of its claim for foreclosure on the Federal Tax Liens by sale of the Property. The United States also alleges that the J.R. Unlimited Family Trust is a mere nominee of Defendants created for the purpose of evading taxes, and that Defendants' transfers of title to the J.R. Unlimited Family Trust were fraudulent. Washington Mutual's motion fails to address either of these alternative theories. As such, the Court cannot find that the United States failed to allege sufficient facts upon which relief could be granted.

Accordingly, it is ORDERED AND ADJUDGED that Defendant Washington Mutual Bank's Motion to Dismiss Count II of Plaintiff's Complaint (Doc. No. 24) is **DENIED**.

**DONE AND ORDERED** at Tampa, Florida, this 11th day of March, 2008.

SUSAN C. BUCKLEW
United States District Judge

Copies to:
Counsel of Record